IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY BECKWITH, <br> JEREMY PINSON, <br><br> Plaintiffs <br><br> v. <br><br> S. VALENCICK, *et al.*, <br><br> Defendants | Civil No. 3:16-cv-1232 <br><br> (Judge Mariani) |

## MEMORANDUM

Plaintiffs, Timothy Beckwith and Jeremy Pinson, inmates currently confined at the Allenwood United States Penitentiary ("USP-Allenwood"), in White Deer, Pennsylvania, initiated this action pursuant to 28 U.S.C. § 1331. (Doc. 1). They seek to proceed *in forma pauperis*. (Docs. 4, 11). Preliminary review of the complaint reveals that Plaintiffs include several unrelated claims against various individuals. Allowing the pleading to proceed as filed is not in the interest of judicial economy. Consequently, Plaintiffs will be directed to file an amended pleading which strictly adheres to the mandates of Federal Rules of Civil Procedure, Rule 8, General Rules of Pleading, and Rule 20, Permissive Joinder of Parties.

### I. Applicable Rules of Pleading

"Pleadings must be construed so as to do justice." FED. R. CIV. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise, and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as defendants if: (A) any

right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1652 at 371-72 (1986).

## II.   Discussion

Plaintiffs' complaint violates Federal Rules of Civil Procedure 8 and 20. The complaint names twenty-two (22) Defendants and contains eight (8) sections setting forth various allegations against the Defendants. (Doc. 1). Plaintiffs appear to express general dissatisfaction with the policies and procedures at USP-Allenwood. Plaintiffs complain that intoxicants are easily obtained by inmates, there are numerous weapons within the facility, inmate are not regularly searched for weapons and contraband, inmates are not properly disciplined for infractions, and they were subjected to sexual and verbal assaults, and received inadequate medical care. (*Id.* at pp. 5-10).

Upon review, the complaint includes unrelated claims that involve different

individuals and do not arise out of the same transaction or occurrence, or series of transactions or occurrences. While Plaintiffs will be granted an opportunity to file an amended complaint, they are strictly cautioned that the amended complaint must comply with Rule 20 and involve only related claims or parties. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D. Pa. 1992).

The Prison Litigation Reform Act of 1996 (the "PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include separate, independent claims, would circumvent the filing fee requirements of the PLRA.

Moreover, in response to questions concerning the exhaustion of administrative remedies, Plaintiffs indicate that they failed to fully exhaust the available administrative remedies regarding the present claims. (Doc. 1, p. 2). Plaintiffs plainly indicate that the grievance process has not been completed, however they allege that prison staff refused to provide them with the proper forms. (*Id.*). Plaintiffs are cautioned that, under the PLRA, a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). It has been made

clear that the exhaustion requirement is mandatory. See *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007); *see also Booth*, 532 U.S. at 741 (holding that the exhaustion requirement of the PLRA applies to grievance procedures "regardless of the relief offered through administrative procedures"); *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000) (same). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

## III. Conclusion

Although Plaintiffs' complaint violates Federal Rules of Civil Procedure 8 and 20, and admittedly contains unexhausted claims, they will be afforded the opportunity to amend the complaint. To the extent that Plaintiffs believe that they have been subjected to more than one violation of their rights, and inasmuch as these violations are unrelated to each other, Plaintiffs should file separate complaints addressing each violation.

An appropriate Order shall issue.

Date: July ___, 2016

Robert D. Mariani
United States District Judge