## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEREMY PINSON, <br> TIMOTHY BECKWITH, <br>     Plaintiffs <br><br> v. <br><br> S. VALENICK, FNU HEATH, L. ENNIS, <br> B. SMITH, L. ODDO, <br><br>     Defendants | Civil No. 3:16-cv-1232 <br><br> (Judge Mariani) |

### **MEMORANDUM**

Plaintiffs, Timothy Beckwith and Jeremy Pinson, initiated the instant civil rights action pursuant to 28 U.S.C. § 1331. (Doc. 1). The matter is proceeding *via* an amended complaint. (Doc. 20). The amended complaint sets forth constitutional violations for events that occurred at the United States Penitentiary, Allenwood, Pennsylvania ("USP-Allenwood"). (*Id.*). Plaintiffs allege that they were forced to enter the general population, and were subjected to assaults when placed in the general population. (*Id.* at pp. 2-3). The named Defendants are Valencick, Heath, Ennis, Smith and Oddo. (*Id.* at p. 2).

Presently pending before the Court are Plaintiffs' motions to appoint counsel. (Docs. 10, 24). For the following reasons, the motions will be denied without prejudice.

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the Court has discretion "to request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1); *Parham v. Johnson*, 126 F.3d 454, 456-

57 (3d Cir. 1997); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the Court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the case has some arguable merit in fact or law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

   (1)   the plaintiff's ability to present his or her own case;
   (2)   the difficulty of the particular legal issues;
   (3)   the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
   (4)   the plaintiff's capacity to retain counsel on his or her own behalf;
   (5)   the extent to which the case is likely to turn on credibility determinations; and
   (6)   whether the case will require testimony from expert witnesses.

*Id.* (citing *Tabron*, 6 F.3d at 155-57). The Third Circuit Court of Appeals added two other factors to be taken into consideration: (1) the court's willingness to aid the indigent party in presenting his or her own case; and (2) the available supply of lawyers willing to accept section 1915(e) requests within the relevant geographic area. *See Gordon v. Gonzalez*,

232 Fed. Appx. 153 (3d Cir. 2007).

Assuming *arguendo* that the amended complaint has merit, Plaintiffs fail to set forth any circumstances warranting the appointment of counsel. See *Tabron*, 6 F.3d at 155-56. Plaintiffs base their motions on the alleged complexity of the case, limited access to the law library, and limited education. (Docs. 10, 24). Plaintiffs further state that they are unable to afford the costs associated with the litigation of this matter. (*Id.*). However, upon review, the legal issues herein are relatively simple and may not require expert testimony. Furthermore, despite their incarceration, investigation of the facts is not beyond Plaintiffs' capabilities and they are familiar with the facts of their case.

In their pleadings, Plaintiffs demonstrate the ability to present comprehensible arguments and to present their own case. They set forth relevant arguments and applicable legal research supporting their claims in a clear and concise manner. Additionally, a review of this District's docket reveals that Plaintiffs have filed and are litigating several other cases, and are proceeding in those cases without counsel. See *Beckwith v. Cavanaugh, et al.*, 3:16-cv-63; *Beckwith v. Oddo*, 3:16-cv-596; *Beckwith v. Federal Bureau of Prisons, et al.*, 3:16-cv-1330; *Pinson v. Oddo, et al.*, 1:16-cv-565; *Pinson v. Oddo*, 1:16-cv-617; *Pinson v. Oddo*, 1:16-cv-1256.

It is also noted that this Court does not have a large group of attorneys who would represent this action in a *pro bono* capacity.

Based on the foregoing, it does not appear that Plaintiffs will suffer prejudice if forced to prosecute this case on their own. The Court's duty to construe *pro se* pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), *Riley v. Jeffes*, 777 F.2d 143, 147-48 (3d Cir. 1985), coupled with Plaintiffs' apparent ability to litigate this action, militate against the appointment of counsel. Accordingly, the motions for appointment of counsel will be denied, however said denial will be without prejudice. As the Court in *Tabron* stated,

> [A]ppointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte* ... even if it does not appear until trial (or immediately before trial) that an indigent litigant is not capable of trying his or her case, the district court should consider appointment of counsel at that point.

*Tabron*, 6 F.3d at 156-57. Therefore, in the event that future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon motion of Plaintiffs.

A separate Order follows.

Date: November 29, 2016

Robert D. Mariani
United States District Judge