IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY PINSON, | : | Civil No. 3:16-cv-1232 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| S. VALENCICK, et al., | : | |
| Defendants | : | |

## MEMORANDUM

### I. Introduction

Plaintiff, Jeremy Pinson, an inmate formerly confined at the Allenwood United States Penitentiary ("USP-Allenwood"), in White Deer, Pennsylvania, initiated this action pursuant to 28 U.S.C. § 1331. (Doc. 1). Previously by Order dated December 19, 2016, the Court dismissed this action pursuant to Federal Rule of Civil Procedure 41(b) based on Pinson's failure to comply with an Order of Court directing him to notify the Court as to whether he intended to pursue this action. (Doc. 38).

Presently before the Court is Pinson's motion (Doc. 43) for reconsideration pursuant to Federal Rule of Civil Procedure 59 and Federal Rule of Civil Procedure 60. For the reasons set forth below, the Court will grant the motion.

### II. Standard of Review

As a threshold matter, the Court notes that Pinson styled his motion (Doc. 43) as a motion for reconsideration under Federal Rule of Civil Procedure 59 and Federal Rule of

Civil Procedure 60. The Court will consider the motion as a motion to alter or amend judgment pursuant to Rule 59(e). When a motion is filed within 28 days of the entry of judgment, it must be considered under Rule 59(e), not Rule 60(b). *See* FED. R. CIV. P. 59(e) advisory committee's note (2009 amend.) (expanding the former 10 day time period for filing a motion to alter or amend a judgment to 28 days). *See Rankin v. Heckler*, 761 F.2d 936, 942 (3d Cir.1985) (holding that "[r]egardless how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of a judgment may be treated as a motion to alter or amend the judgment under Rule 59(e)"). In this case, the Court entered judgment on December 19, 2016. (Doc. 38). Pinson's motion was filed on January 3, 2017, within 28 days of entry of judgment. Accordingly, the Court will consider the motion under the rubric of Rule 59(e).

Motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) serve primarily to correct analytical errors in a prior decision of the court. *See* FED. R. CIV. P. 59(e); *United States v. Fiorelli*, 337 F.3d 282, 287-88 (3d Cir. 2003). Under Rule 59(e), "a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669,

2

677 (3d Cir. 1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of . . . [n]or is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat. Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994) (citation omitted). A motion for reconsideration is appropriate in instances where the court has ". . . misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration* 915 F. Supp. 712 (M.D. Pa. 1996), *quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). Reconsideration of a judgment is an extraordinary remedy, and the court grants such motions sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

## III. Discussion

In the instant motion, Pinson requests that the Court reopen this action based on the Court's inadvertent failure to receive his mail.

The procedural history of this case is as follows. On June 22, 2016, the Court received a complaint purportedly filed by Plaintiffs Pinson and Beckwith. (Doc. 1). By Memorandum and Order dated September 19, 2016, the Court screened Plaintiffs'

complaint and found that it violated Federal Rules of Civil Procedure 8 and 20, and granted Plaintiffs the opportunity to file an amended complaint. (Docs. 13, 14). On September 6, 2016, the Court received an amended complaint purportedly filed by Plaintiffs Pinson and Beckwith. (Doc. 20). On November 28, 2016, Plaintiff Beckwith notified the Court that he never filed the instant action, that co-Plaintiff Pinson illegally used his name, and that he never consented or gave permission to co-Plaintiff Pinson to use his name in the instant action. (Doc. 31). Accordingly, by Order dated November 30, 2016, the Court granted Beckwith's request to be removed from this action, and directed Plaintiff Pinson to file a notice with the Court indicating whether he intended on pursuing this action. (Doc. 35). The Order warned Pinson that failure to apprise the Court of his position in this matter may result in dismissal of this action without further notice of Court. (*Id.*). Pinson failed to reply. Therefore, the Court dismissed this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with an Order of Court. (Doc. 38). Subsequent to the dismissal of this action, Pinson filed a notice with the Court indicating that he wished to pursue this matter, and a motion for reconsideration of the Court's Order dismissing this case. (Docs. 40, 43). Pinson asserts that his personal mail log reflects that he sent documents to the Court, but the Court may not have received his filings. (Doc. 43, p. 3).

Out of an abundance of caution and in order to prevent manifest injustice, the motion for reconsideration will be granted and this action will be reopened. Because the amended

complaint was purportedly signed and filed by Plaintiffs Pinson and Beckwith, Pinson will be directed to file an all-inclusive second amended complaint on his own behalf.

## IV. Conclusion

Based on the foregoing, Pinson's motion (Doc. 43) pursuant to Rule 59(e) of the Federal Rules of Civil Procedure will be granted and this action will be reopened.

A separate Order shall issue.

Date: June 15, 2018

Robert D. Mariani
United States District Judge