IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JEREMY PINSON, | : | Civil No. 3:16-cv-1232 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Jeremy Pinson ("Pinson") is a former inmate who was housed at all relevant times at the United States Penitentiary, Allenwood, Pennsylvania ("USP-Allenwood").[1] Pinson raised claims pursuant to *Bivens*[2], 28 U.S.C. § 1331, and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* (Doc. 51). Presently pending before the Court is Pinson's Rule 59(e) motion (Doc. 96) for reconsideration of this Court's September 18, 2019 Memorandum and Order (Docs. 93, 94), granting Defendants' motion to dismiss and for summary judgment. For the reasons set forth below, the Court will deny Pinson's motion.

---

[1]   On March 6, 2020, Pinson was released from the custody of the Federal Bureau of Prisons. *See* Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/.

[2]   *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971) (holding that there exists an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights).

I.   <u>Legal Standard</u>

A motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of . . . [n]or is it to be used to put forth additional arguments which could have been made but which the party neglected to make before judgment." *Waye v. First Citizen's Nat. Bank*, 846 F.Supp. 310, 314 (M.D. Pa. 1994) (citation omitted).  Reconsideration of a

judgment is an extraordinary remedy, and the court grants such motions sparingly. *D'Angio v. Borough of Nescopeck*, 56 F.Supp.2d 502, 504 (M.D. Pa. 1999).

## II.   Discussion

Pinson sets forth the following three arguments in support of reconsideration: (1) she argues that one of her FTCA claims was exhausted on September 7, 2017, which was before she filed an amended complaint on June 15, 2018; (2) the Court erred by dismissing Defendant Cozza-Rhodes for lack of personal jurisdiction when it failed to consider her sworn declaration and Bureau of Prisons ("BOP") policy that contradicts Cozza-Rhodes' declaration; and, (3) that the Court erred in finding that Pinson failed to conform to Local Rule 56.1 when she opposed Defendants' motion for summary judgment.  (Doc. 97 ¶¶ 1-3.)

In the September 18, 2019 Memorandum and Order, the Court found, *inter alia*, that Pinson failed to exhaust her administrative tort claims before filing her complaint in federal court.  (Docs. 93, 94).  The Court noted that Pinson filed four administrative tort claims regarding events at USP-Allenwood.  (Doc. 93, pp. 22-24).  Specifically, Pinson submitted claim number TRT-NER-2016-04489 on June 3, 2016, claim number TRT-NER-2016-04973 on June 22, 2016, claim number TRT-NER2017-03396 on March 20, 2017, and claim number TRT-NER-2017-05395 on June 3, 2017.  (*Id.*).  Pinson commenced this lawsuit on May 7, 2016, well before she filed her administrative tort claims.  (*Id.*).  The Court thus found that Pinson did not file her administrative tort claims with the BOP, and did not receive a final decision by the agency, before filing her complaint in federal court, as required by 28

U.S.C. § 2675(a). (*Id.*). Pinson's filing of an amended complaint did not cure her failure to exhaust administrative remedies. *See Hoffenberg v. Provost*, 154 F. App'x 307, 310 (3d Cir. 2005) ("[T]he date of the amended complaint cannot serve as the date the federal suit was 'instituted.'") (citing *McNeil v. United States*, 508 U.S. 106, 111-12 (1993)). Therefore, a motion to alter or amend judgment is inappropriate as to this issue.

Next, Pinson argues that the Court failed to consider her declaration to establish personal jurisdiction over Defendant Cozza-Rhodes. (Doc. 97 ¶ 2). By Memorandum and Order dated September 18, 2019, the Court found that it lacked personal jurisdiction over Defendant Cozza-Rhodes, relying on her declaration that her business office is located in Aurora, Colorado, and that she does not live, work, or own real property in the Commonwealth of Pennsylvania. (Doc. 93, p. 17-20) (citing Doc. 66-1, pp. 3-4, Declaration of T.K. Cozza-Rhodes). Pinson's only declaration concerning Defendant Cozza-Rhodes is that: "Warden Theresa Cozza-Rhodes stated to me in SHU at USP Florence 'I have spoken to my counterpart at USP Allenwood and he know's [sic] you're coming so you should be moved very soon.'" (Doc. 92, p. 4). The Court finds that this statement does not establish personal jurisdiction over Defendant Cozza-Rhodes and does not warrant reconsideration.

Lastly, Pinson argues that she was unable to comply with the Local Rules of Court concerning summary judgment. (Doc. 97 ¶ 3). In the September 18, 2019 Memorandum, the Court granted summary judgment with respect to Pinson's *Bivens* claims based on failure to exhaust administrative remedies. (Doc. 93, pp. 11-16). In making this

determination, the Court noted that although Pinson filed a counterstatement of material facts (Doc. 92), her statement of material facts failed to comply with Local Rule 56.1 which requires a party opposing a motion for summary judgment to "include a separate, short and concise [responsive] statement of the material facts, responding to the numbered paragraphs set forth in" the movant's fact statement.  (Doc. 93, p. 6, n. 3, citing Local Rule 56.1).  Pinson's responsive fact statement failed to correspond to the statement of material facts filed by Defendants, and the averments of Pinson's responsive fact statements were entirely independent of those in Defendants' filing.  (*Id.*).  Pinson has failed to set forth any facts warranting reconsideration of this determination by the Court.

## III.   Conclusion

The Court concludes that a motion to alter or amend judgment on the foregoing grounds is inappropriate and unnecessary.  The Court will deny Pinson's motion (Doc. 96) for reconsideration.

A separate Order shall issue.


  __s/ Robert D. Mariani_____
  Robert D. Mariani
  United States District Judge

Dated: April 16, 2020